# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 05/07/2020 05:51 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk

Case 2:20-cv-05657-GW-SP    Document 1-1    Filed 06/25/20    Page 2 of 14    Page ID #:15

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Holly Fujie

MARLIS PARK, P.C.
Brent P. Marlis SB# 284654
  E-Mail: brent@marlispark.com
Young K. Park SB# 287589
  E-Mail: young@marlispark.com
3600 Wilshire Boulevard, Suite 1815
Los Angeles, CA 90010
Tel: 323-922-2000
Fax: 323-922-2000

Attorneys for Plaintiff,
IRVING MURILLO GARCIA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| IRVING MURILLO GARCIA, an individual, | Case No.: 20STCV17528 |
| Plaintiff, | (1) DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA |
| vs. | (2) FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA |
| SKY CHEFS, INC. D/B/A LSG SKY CHEFS, a Corporation; and DOES 1 through 50, inclusive, | (3) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA |
| Defendants. | (4) WRONGFUL TERMINATION |
| | **DEMAND FOR JURY TRIAL** |

## **GENERAL ALLEGATIONS**

1. Plaintiff IRVING MURILLO GARCIA (hereinafter "GARCIA") is an individual residing in the State of California. Plaintiff GARCIA was an employee of Defendants SKY CHEFS, INC., at all relevant times herein mentioned.

2. On information and belief, Defendant SKY CHEFS, INC. (hereinafter "SKY CHEFS") is a Delaware corporation, duly licensed to conduct business in the State of California.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant DOES 1 through 50, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint by inserting the true names and capacities of each such Defendant, with appropriate charging allegations, when they are ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as "DOE" is responsible in some manner for the injuries suffered by Plaintiff and for damages proximately caused by the conduct of each such Defendant as herein alleged.

4. Plaintiff is informed and believes and thereon alleges that at all relevant times Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and/or agents, and are liable for the wrongful conduct of its employees and/or agents as alleged herein.

5. Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, each defendant was an alter-ego of each and every other defendant. Unity of interest and ownership existed such that the separate personalities each of defendant never existed or ceased to exist. Further, if the acts are treated as those of one of the defendants alone, an inequitable result will follow. Accordingly, Plaintiff alleges that each defendant was an alter-ego of each and every other defendant and vice versa.

6. By way of this lawsuit, Plaintiff seeks to pierce the corporate veil and hold individual defendant liable for the acts of his alter ego. Individual defendant held and now holds substantial interest in corporate defendants and should therefore be deemed to be corporate defendants' alter ego. Corporate defendants were, and now still are, mere shells and naked

EXHIBIT A, PAGE 14

frameworks which individual defendant used, and now uses, as a conduit for the conduct of his personal business and/or property affairs and/or obligor for the assumption of obligations and/or liabilities incapable of performance by said corporate and/or entity defendants, which are the obligations and liabilities of individual defendant.

7. Plaintiff is informed, believes, and thereon alleges that Defendants are joint employers pursuant to California Labor Code section 2810.3. In addition, Defendants are joint employers because each exercised sufficient control over the terms and conditions of Plaintiff's work.

8. This Court possess original subject matter jurisdiction over this matter. Venue is proper in this judicial district because the Defendants employed Plaintiff in this judicial district and the complained of conduct occurred in this judicial district.

9. Plaintiff is informed and believes and thereon alleges that at all times material herein Defendants employed and continue to employ five (5) or more persons in California and is an employer covered by the Fair Employment and Housing Act ("FEHA") and the California Labor Code.

10. Plaintiff has exhausted administrative remedies. Plaintiff timely filed charges against Defendants with the California Department of Fair Employment and Housing on May 07, 2020 and received a "Right-to-Sue" notice as to Defendants.

## FACTUAL ALLEGATIONS

11. GARCIA started working for Defendants on or around October 16, 2019 as a hot food cook and worked until he was unlawfully discharged on or around January 6, 2020.

12. On December 27, 2019, GARCIA began feeling intense pain in his chest at work. A coworker named "Domingo" helped him to the office where he met Maria Venegas, a manager. GARCIA said that he was not in good condition to work and asked that he be allowed to go home.

13. GARCIA'S wife picked him from work because he did not feel well enough to drive. GARCIA also informed "Miguel" a supervisor that he was not feeling well enough to finish his work schedule and that he would not report to work the next day either.

COMPLAINT FOR DAMAGES
EXHIBIT A, PAGE 15

14. GARCIA went to see his doctor after he left work. He received a note from his doctor stating that he would be unable to work from December 27, 2019 through January 5, 2020.

15. GARCIA called the attendance office the morning of December 28 to report that he was not feeling well and would be unable to work. He told the attendance office that he had a doctor's note and the response was to come back whenever he felt better.

16. Although the doctor's note stated that he would be off work until January 5, GARCIA demonstrated some grit and showed up to work December 31. GARCIA brought his doctor's note with him and provided it to a supervisor, "chef Victor."

17. After around an hour working his shift, GARCIA started to succumb and was unable to continue working. He was told to go home by someone in the attendance office. Chef Victor also told him to go home. He did not clock out because he was feeling so unwell and it slipped his mind.

18. In the following days GARCIA called the attendance office to confirm that he would not show up for work. Sometimes his calls were answered, at other times they were not answered.

19. GARCIA returned to his doctor January 3 and was placed out of work through January 7, 2020.

20. On January 8, GARCIA felt strong enough to return to work. When he arrived at the office, he was informed by Clementina, a supervisor, that he had been discharged for job abandonment. GARCIA was shocked. He had regularly called to report that he could not work. He submitted a doctor's note and spoke with chef Victor, Chef Miguel and various people who answered in the attendance office.

21. Clementina responded that she had never received a message regarding GARCIA. She said that his absences were unaccounted for and she interpreted that to mean he no longer wanted to work at Sky Chef. The reality is that GARCIA wanted to continue working for Defendants and frequently checked in with the company to apprise them of his status. However, due to the disorganization of Defendants' business, GARCIA's messages were lost.

EXHIBIT A, PAGE 16

22.  Clementina later admitted that she would investigate what occurred and that GARCIA would be suspended rather than terminated starting January 8. The company had already sent a letter terminating GARCIA's employment on January 6. GARCIA was never scheduled for further work.

**FIRST CAUSE OF ACTION**

**DISABILITY DISCRIMINATION**

**[Govt. Code § 12940(a), et seq.]**

**(Against All Defendants)**

23. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

24. At all times herein mentioned, the Fair Employment and Housing Act ("FEHA"), Government Code § 12940, et seq., was in full force and effect and binding on Defendants. These statutes make it unlawful to discriminate against an employee on-the-basis of a disability.

25. Defendant discriminated against Plaintiff on-the-basis of his disability by terminating his employment while he was on leave.

26. As a proximate result of Defendants' willful, knowing and intentional discrimination of Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits.

27. As a proximate result of Defendants' willful, knowing and intentional discrimination of Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

28. Plaintiff is informed and believes and thereon alleges that Defendants' actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights, and were carried out by Defendants' managing agents and/or ratified by Defendants. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial as well as attorneys' fees.

**SECOND CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE DISABILITY**

COMPLAINT FOR DAMAGES          EXHIBIT A, PAGE 17

**[Govt. Code § 12940(m)]**

**(Against All Defendants)**

29. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

30. Under the FEHA, Defendants are required to engage in a timely, good faith, interactive process with an employee it believes has a disability or who, in fact, has a disability, to determine if that employee needs reasonable accommodations to perform the job.

31. By engaging in the course of conduct as alleged above, Defendants failed to provide Plaintiff with reasonable accommodations and it failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations to the extent she needed them in violation of the applicable provisions of Government Code §§ 12940, *et seq*.

32. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, as a result of Defendants' failure to reasonably accommodate Plaintiff's disabilities, Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits.

33. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, as a result of Defendants' failure to reasonably accommodate Plaintiff's disabilities, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her der damage in a sum according to proof. Plaintiff is further entitled to recover attorneys' fees pursuant to the provisions of Government Code §§ 12940, *et seq*.

**THIRD CAUSE OF ACTION**

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

**[California Government Code § 12940(n)]**

**(Against All Defendants)**

34. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

35. As described herein, Defendants failed to engage in a good-faith interactive process with Plaintiff to determine wither it would be possible to implement effective reasonable

EXHIBIT A, PAGE 18

accommodations. Defendants did not engage in the interactive process. Rather, Defendants coldly terminated Plaintiff's employment.

36. As a proximate result of Defendant's failure to engage in a good-faith interactive process, Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits. Plaintiff has further suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

37. Plaintiff is further entitled to recovery attorneys' fees pursuant to the provision of Government Code § 12940, et seq.

## FOURTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against All Defendants)

38. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

39. As described herein, Plaintiff's employment was terminated in violation of the fundamental public policies of the State of California including those set out in the California Fair Employment and Housing Act and the California Labor Code. Specifically, Plaintiff's employment was terminated in violation of the FEHA as described here.

40. As a direct and foreseeable result of the aforesaid acts of Defendants, Plaintiff lost and will continue to lose income and other benefits in an amount to be proven at trial. Plaintiff seeks back pay, front pay, and all other appropriate remedies. Plaintiff also incurred attorneys' fees and thereby claims such amount as damages, together with pre-judgment interest.

41. Because the acts taken toward Plaintiff by Defendant were deliberate, malicious and undertaken to injure Plaintiff, Plaintiff requests an assessment of punitive damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for judgment against Defendants as follows:

1. For damages according to proof, including loss of earnings, deferred compensation and other employment benefits in an amount in excess of $100,000.00.

COMPLAINT FOR DAMAGES    EXHIBIT A, PAGE 19

2.  For interest on the amount of losses incurred in loss of earnings, deferred compensation and other employee benefits at the prevailing legal rate;

3.  For general damages, including but not limited to, damages for physical injures and/or physical sickness, according to proof;

4.  For special damages according to proof, including but not limited to, reasonable medical expenses;

5.  For punitive damages according to proof;

6.  For reasonable attorney's fees and costs of suit, in obtaining the benefits due Plaintiff and for violations of Plaintiff's civil rights as set forth above;

7.  For any and all penalties available under the California Labor Code;

8.  For such other and further relief as the Court may deem just and proper.

DATED: May 07, 2020                    MARLIS PARK, P.C.

By: _____
    Brent P. Marlis
    Young K. Park
    Attorneys for Plaintiffs,
    IRVING MURILLO GARCIA

- 8 -
COMPLAINT FOR DAMAGES

**EXHIBIT A, PAGE 20**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                          GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

May 7, 2020

Nayeli Avalos
3600 Wilshire Blvd., Suite 1815
Los Angeles, California 90010
Brent Marlis
3600 Wilshire Blvd., Suite 1815
Los Angeles, California 90010

RE:    **Notice to Complainant's Attorney**
       DFEH Matter Number: 202005-10113907
       Right to Sue: Murillo Garcia / SKY CHEFS, INC. D/B/A LSG SKY CHEFS

Dear Nayeli AvalosBrent Marlis:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

**EXHIBIT A, PAGE 21**

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency           GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

May 7, 2020

RE:    **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202005-10113907
Right to Sue: Murillo Garcia / SKY CHEFS, INC. D/B/A LSG SKY CHEFS

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

EXHIBIT A, PAGE 22



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

May 7, 2020

Irving Murillo Garcia
,

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202005-10113907
       Right to Sue: Murillo Garcia / SKY CHEFS, INC. D/B/A LSG SKY CHEFS

Dear Irving Murillo Garcia,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 7, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Irving Murillo Garcia                                        DFEH No. 202005-10113907

                             Complainant,

vs.

SKY CHEFS, INC. D/B/A LSG SKY CHEFS
,

                             Respondents

_____

1. Respondent **SKY CHEFS, INC. D/B/A LSG SKY CHEFS**  is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Irving Murillo Garcia**, resides in the City of  State of **.**

3. Complainant alleges that on or about **January 6, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was terminated.

**Additional Complaint Details:**

-1-
*Complaint – DFEH No. 202005-10113907*

Date Filed: May 7, 2020

**EXHIBIT A, PAGE 24**

VERIFICATION

I, **Nayeli Avalos**, am the **Other** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On May 7, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**

-2-
*Complaint – DFEH No. 202005-10113907*

Date Filed: May 7, 2020